For the reasons stated, the protest is overruled, and judgment will be entered for the defendant.

(C.D. 4510)

United Silver & Cutlery Co. *v.* United States

Court No. 67/8290

(Decided April 8, 1974)

*Stein and Shostak* (*Leonard M. Fertman* of counsel) for the plaintiff.
*Carla A. Hills,* Assistant Attorney General (*James Caffentzis,* trial attorney), for the defendant.

Richardson, Judge: The merchandise at bar, consisting of stainless steel 3 and 9 piece carving sets, was classified in liquidation under item 651.75, TSUS, at the duty rates of 29.891 and 35.577 *per centum ad valorem,* respectively. It is claimed by the plaintiff-importer that the merchandise should be classified as sets under item 651.75, TSUS, at the duty rate of 2 cents plus 12.5 *per centum ad valorem.*

In its complaint plaintiff alleges, among other things, that the subject merchandise is similar in all material respects to the merchandise the subject of *Import Associates of America, Fraser's Inc.* v. *United States,* 56 CCPA 100, C.A.D. 961 (1969), and further, requests that judgment issue directing the district director to reliquidate the in-

volved entry under item 651.75, TSUS, in accordance with its claim. In its answer the defendant admits all of the allegations of the complaint, and consents to the entry of judgment overruling the manner of assessment of duty by the district director and sustaining plaintiff's claim as to "Stainless Steel 3 pcs. Carving Set" and "Stainless Steel 9 pcs. Carving Set".

In the case cited in the complaint the merchandise consisted of flatware sets of various kinds of knives, forks, and spoons imported from West Germany and Japan which were classified in liquidation under item 651.75, TSUS, and assessed with duty at the *ad valorem* equivalent of the highest specific or compound rate applicable to any article in the set. The Customs Court sustained the protest lodged against the duty assessment, and held that the specific or compound rate of duty which is the highest for any article in the set if imported alone should be used in determining the duty and not the *ad valorem* equivalent, and also held that the applicable specific duty should be assessed against each article in the set. In sustaining the Customs Court's determination as against the importer's contention that the specific duty assessment should be made against the set rather than against each article in the set, the Court of Customs and Patent Appeals said:

> * * * This item [651.75] describes a set, with stated exceptions, as including two or more tools, knives, forks, spoons, or other articles provided in the varying rate provisions in schedule 6, part 3, subpart E. While these articles are susceptible to set combinations, they are nevertheless separate and distinct articles with distinct functions in themselves. Their combination in a set or complementary use in nowise militates against or depreciates their separate functions or individual identity. If these articles are imported separately, each would be subject to the applicable specific or compound rate. * * * We agree with appellee that when Congress set a specific rate followed by the word each, in the particular context under consideration, it must have meant each article in the set.

In the instant case defendant admits that the merchandise at bar is similar in all material respects to the merchandise the subject of the cited case. Consequently, since the pleadings fail to raise any triable issue in the case the necessity for further proceedings in this action is obviated.

Judgment will be entered herein in plaintiff's favor pursuant to rule 11.5(b)(2) of the rules of this court adjudging that the merchandise herein is properly dutiable under item 651.75, TSUS, as sets at the duty rate of 2 cents each, plus 12.5 *per centum ad valorem*.